PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:15-CR-328 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| GREGORY GOLDSTEIN, ) | |
| ) | |
| Defendant. ) | **ORDER** |

    This matter is before the Court upon Magistrate Judge George J. Limbert's Report and Recommendation ("R&R") that the Court accept Defendant Gregory Goldstein's ("Defendant") plea of guilty and enter a finding of guilty against Defendant. ECF No. 9.

    On September 9, 2015, the Government filed an Information against Defendant alleging violations of 18 U.S.C. § 1349, 18 U.S.C. § 1348 and 18 U.S.C. § 1343, conspiracy to commit securities and wire fraud, securities fraud and wire fraud, respectively. ECF No. 1. The Court issued an order referring the matter to Magistrate Judge Limbert for the purpose of conducting an arraignment and receiving Defendant's guilty plea on September 14, 2015.

    On October 6, 2015, Magistrate Judge Limbert held a hearing during which Defendant consented to the order of referral (ECF No. 8) and entered a guilty plea as to Count 1 of the Information. Magistrate Judge Limbert received Defendant's guilty plea and issued a Report recommending that this Court accept Defendant Gregory Goldstein's plea and enter a finding of guilty. ECF No. 9.

(1:15-CR-328)

The time limitation to file objections to the Magistrate Judge's Report and Recommendation has expired and neither  party has filed objections or requested an extension of time.

Fed. R. Crim. P. 11(b) states:

Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following: (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath; (B) the right to plead not guilty, or having already so pleaded, to persist in that plea; (C) the right to a jury trial; (D) the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding; (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere; (G) the nature of each charge to which the defendant is pleading; (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release; (I) any mandatory minimum penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution; (L) the court's obligation to impose a special assessment; (M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a); and (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

The undersigned has reviewed the transcript and the Magistrate Judge's R&R and finds, that in his careful and thorough proceeding, Magistrate Judge Limbert satisfied the requirements of Fed. R. Crim. P. 11 and the United States Constitution.   Defendant was placed under oath and determined to be competent to enter a plea of guilty.  Defendant was made aware of the charges and consequences of conviction and his rights and waiver thereof.  Magistrate Judge Limbert also

(1:15-CR-328)

correctly determined that Defendant had consented to proceed before the magistrate judge and tendered his plea of guilty knowingly, intelligently and voluntarily. Furthermore, the magistrate judge also correctly found that there was an adequate factual basis for the plea.

Upon *de novo* review of the record, the Report and Recommendation is adopted. Therefore, Defendant Gregory Goldstein is adjudged guilty of Count 1 of the Information, conspiracy to commit securities and wire fraud, securities fraud and wire fraud, in violation of 18 U.S.C. § 1349, 18 U.S.C. § 1348 and 18 U.S.C. § 1343, respectively.

     IT IS SO ORDERED.

|    November 12, 2015    |  s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |